UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE DIVISION
*Electronically Filed*

| | |
|---|---|
| LILIANY CASTELLANOS-PERON )<br>)<br>PLAINTIFF )<br>)<br>v. )<br>)<br>GENIUS TRUCKING LLC )<br>and KEITH CODDINGTON )<br>)<br>DEFENDANTS ) | Civil Action No. **3:22-CV-441-DJH** |

## NOTICE OF REMOVAL

Defendants, Keith Coddington (individually, "Coddington") and Genius Trucking, LLC (individually, "Genius Trucking," and collectively, "defendants"), by counsel and under 28 U.S.C. §§ 1441 and 1446, submit this notice of removal of the above-captioned case, which was originally filed in Jefferson Circuit Court, Division Five, Civil Action No. 22-CI-002389. In support of removal, the defendants state as follows.

**Timeliness of Removal**

1. On May 16, 2022, plaintiff Liliany Castellanos-Peron filed a complaint in Jefferson Circuit Court against defendants, alleging personal injury resulting from a motor vehicle accident on April 12, 2021 in Louisville, Kentucky (the "Complaint").

2. Defendants' removal of the state court action is timely because the existence of federal diversity jurisdiction only recently became apparent, and the case is being removed within one year of the commencement of the action.

3. A defendant seeking removal of an action filed in state court must file a notice of removal within 30 days of service of the complaint upon the defendant, ***provided that federal***

1

*jurisdiction is apparent*. See 28 U.S.C. § 1446(b).  If federal jurisdiction is not apparent from the complaint as a result of lack of information concerning the amount in controversy—as was the case here—then the defendant may take discovery to determine whether federal jurisdiction is present. 28 U.S.C. § 1446(c)(3)(A)("If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a) [28 USCS § 1332(a)], information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)"); H.R. Rep. No. 112-10, at 16 (2011).

4.      In this case, as detailed below, defendants recently received discovery responses from plaintiff that make it apparent for the first time that the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

5.      Consistent with Kentucky practice, the plaintiff's Complaint did not state the amount in controversy, other than to say that the damages being sought were "in excess of the minimal jurisdictional limits of [the Jefferson Circuit Court]," which are well below the $75,000.01 threshold for diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332(a). (Complaint, ¶ 4.)

6.      The allegations of the Complaint, by themselves—without evidence regarding the extent of the Plaintiffs' injuries and the nature and volume of the treatment they received—were insufficient to establish that the amount in controversy more likely than not exceeded $75,000, exclusive of interest and cost.

7.      Plaintiff generally alleges, without any specificity in the type or extent of injuries or damages suffered, that she incurred medical expenses, physical and mental pain, diminished ability to labor and earn income, bodily injury, mental anguish, and past and future lost wages.

(Complaint, ¶¶ 12 & 30.) This information falls short of the quantum of information necessary to confirm that diversity jurisdiction is present. "The 30-day period in § 1446(b)(1) starts to run only if the initial pleading contains '**solid and unambiguous information** that the case is removable.'" *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364-65 (6th Cir. 2015) (emphasis added); *see also Saunders v. Home Depot, Inc.*, No. 2:20-CV-13337-TGB-CI, 2021 U.S. Dist. LEXIS 114901, at *5 (E.D. Mich. June 21, 2021) (holding that allegations about a foot injury alone were insufficient to establish that the amount in controversy exceeded $75,000); *Warren v. Sheba Logistics, LLC*, No. 1:15-CV-00148-GNS-HBB, 2016 U.S. Dist. LEXIS 32097, *4-5 (W.D. Ky. 2016) (allegations of "severe" personal injury alone insufficient to establish for diversity purpose that the amount in controversy exceeds $75,000).

8. Accordingly, defendants had to conduct discovery to determine whether the amount in controversy exceeded $75,000 (exclusive of interest and costs), such that diversity jurisdiction was present under 28 U.S.C. § 1332(a).

9. On July 14, 2022, defendants served, among other damages-related discovery requests, a request for admission seeking Plaintiff to admit that she "will not seek damages in excess of $75,000, exclusive of interest and costs, at the trial of this matter." (*See* Defendants' First Set of Discovery Requests at Request for Admission No. 1, attached as Ex. 4.)

10. On August 12, 2022, plaintiff served her response denying defendants' request for admission, and therefore confirming that she is seeking damages in excess of $75,000.00, exclusive of interest and costs. (*See* Plaintiff's Response to Defendants' Request for Admission, attached as Ex. 5.)

11. Thus, defendants had, at the very least, 30 days from August 12, 2022, in which to remove the case. *See* 28 U.S.C. § 1446(b)(3)("if the case stated by the initial pleading is not

removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.")

12. This Notice of Removal is timely because it was filed less than 30 days after August 12, 2022, <u>and</u> it was filed less than one year after the commencement of the action, the outer boundary for removing a case on the basis of diversity of citizenship absent fraudulent concealment by the plaintiff. 28 U.S.C. § 1446(c)(1).

**Venue and Compliance with Procedural Requirements for Removal**

13. The Jefferson Circuit Court is located within the Louisville Division of the United States District Court for the Western District of Kentucky. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, Kentucky.

14. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the defendants are attached as <u>Exhibit 1</u> to this Notice of Removal. Additionally, defendants' Answers to the Complaint are attached as <u>Exhibit 2</u> and <u>Exhibit 3</u>. Defendants' discovery requests to Plaintiffs are attached as <u>Exhibit 4</u>. Plaintiff's response to defendants' request for admission are attached as <u>Exhibit 5</u>.

**Diversity of Citizenship and Amount in Controversy**

15. As alleged in the Complaint, plaintiff is a resident and citizen of Kentucky. (Complaint, ¶ 1.)

16. Coddington is a resident and citizen of Dallas, Texas. (Complaint, ¶ 3.)

17. The Complaint alleges that Genius Trucking is a Louisiana limited liability company with its principal place of business in Metairie, Louisiana. (Complaint, ¶ 2.)

18. Genius Trucking's members are Vitalie Katz and Sergiu Turcano, both of whom are residents of and citizens of Louisiana.

19. For purposes of 28 U.S.C. § 1332(a), Genius Trucking, which is a limited liability company, is a citizen of Louisiana, because, as recognized by the Sixth Circuit, all unincorporated entities, such as limited liability companies, have citizenship of each partner or member. *See Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009); *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

20. Genius Trucking's state of formation and principal place of business is also Louisiana.

21. Because plaintiff's citizenship is diverse from each of the defendants', diversity of citizenship exits.

22. A case may be removed where the defendants establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1); 28 U.S.C. § 1446(c)(2)(A)(ii) and 1446(c)(2)(B); *see also Endrawes v. Safeco Ins. Co.*, 737 F. App'x 731, 734 (6th Cir. 2018) (quoting *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007). The preponderance of evidence standard requires only that the defendants allege facts sufficient to establish that the plaintiff would more likely that not seek to recover more than the jurisdictional amount. *Id.*

23. As plaintiff's recent response to defendants' request for admission confirms for the first time, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, by a preponderance of the evidence. While defendants deny that they are liable for the Plaintiffs' alleged injuries and do not concede that the Plaintiffs' damages claims are accurate, for purposes of establishing the Court's jurisdiction, this is irrelevant.

24. This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1332(a)(2) because the amount in controversy is satisfied and this is an action between citizens of Kentucky and citizens of a different state.

25. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, as well as a Notice of Filing for this Notice of Removal, will be filed promptly with the Clerk of the Jefferson Circuit Court, and a copy of the same is being served upon all parties.

26. Defendants reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of their entitlement to remove this case.

27. Defendants reserve all defenses and objections available under the applicable law and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses or objections.

**WHEREFORE**, the defendants hereby remove the above-captioned action from the Circuit Court in Jefferson County, Kentucky, and requests that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

/s/ Stephen J. Mattingly
Stephen J. Mattingly (#93176)
Christopher S. Zelli (#98651)
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
(502) 540-2300
Fax (502) 585-2207
stephen.mattingly@dinsmore.com
christopher.zelli@dinsmore.com
*Counsel for Defendants, Genius Trucking LLC and Keith Coddington*

## CERTIFICATE OF SERVICE

  I hereby certify that on August 26, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will serve copies of the same on the following counsel of record:

John Abaray
Patrick Smith
Abaray Craddock & Smith, PLLC
12800 Townepark Way, Suite 202
Louisville, KY 40243
john@acslawky.com
patrick@acslawky.com
*Counsel for Plaintiff*

            /s/Stephen J. Mattingly
            *Counsel for Defendants*